IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDREA BARTELAMIA,<br><br>　　　　Plaintiff,<br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>RMAC TRUST, SERIES 2016-CTT, and<br>QUALITY LOAN SERVICE CORPORATION<br><br>　　　　Defendants. | Case No.: 3:23-cv-00877-AN<br><br><br>OPINION AND ORDER |

Plaintiff filed this Emergency Motion for Temporary Restraining Order, ECF [3]. After reviewing plaintiff's pleadings, the Court finds that oral argument will not help resolve this matter. For the reasons outlined below, plaintiff's motion is GRANTED.

Temporary restraining orders are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

The Ninth Circuit also has a "serious questions" test which dictates that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Thus, under the serious questions test, a preliminary injunction can be granted if there is a likelihood of irreparable injury to the plaintiff, serious questions going to the merits, the balance of hardships tips in favor of the plaintiff, and the injunction is in the public interest. *M.R. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

A temporary restraining order issued without notice to the opposing party may not exceed 14 days and may be extended by the court one time for an additional 14 days if good cause is shown. Fed. R. Civ. Pro. 65(b)(2). If the parties do not consent to an extension, then a court must schedule a preliminary injunction hearing that occurs within 28 days after the date that the temporary restraining order is first issued. *Id.*

The Court makes the following findings:

1. Plaintiff's claim involves real property located at 21975 SW 65th Avenue in Tualatin, Oregon (the "Property"). Specifically, plaintiff's complaint requests a declaratory judgment adjudging the Deed of Trust to be satisfied and discharged pursuant to ORS 88.110.

2. Defendants U.S. Bank National Association and Quality Loan Service Corporation have planned a non-judicial foreclosure sale of the Property for Tuesday, June 20, 2023, at 10:00 a.m.

3. The planned foreclosure sale will cause irreparable harm to the plaintiff through the loss of plaintiff's possessory rights in the Property, which is the subject matter of plaintiff's present suit. Absent injunctive relief, plaintiff's claim may be rendered moot by defendants' planned foreclosure sale.

4. The balance of equities tip in plaintiff's favor. Plaintiff would suffer immediate and direct harm if the foreclosure sale occurs, whereas defendants would be required only to defend this suit.

5. Granting the restraining order is in the public interest because it allows plaintiff an opportunity to present her claims and for this Court to adjudicate this case.

6. This case presents serious questions going to the merits of plaintiff's claim.

Based on the foregoing, it is ORDERED that Defendants U.S. Bank National Association and Quality Loan Service Corporation, and its officers, agents, servants, employees, lawyers, and all other persons in active concert or participation with any of the defendants who receive actual notice of this order, by personal service or otherwise, are directed as follows:

1. The non-judicial sale of the real property located at 21975 SW 65th Avenue, Tualatin, Oregon 97062 shall be halted until July 3, 2023.

2. Defendants and those acting on their behalf are prohibited from either directly or indirectly taking any actions to advance or conduct the non-judicial sale of the Property until July 3, 2023.

3. Defendants shall appear before this Court at 10:00 a.m. on June 26, 2023, to show cause, if any, why a preliminary injunction should not be entered granting the same relief described above during the pendency of this action.

4. Plaintiff is not required to give security in connection with this order.

5. Due to the removal of this case to federal court, and the quickly approaching date of the foreclosure sale, prior notice of this order to the defendants is not possible.

## CONCLUSION

Accordingly, plaintiff's Emergency Motion for Temporary Restraining Order, ECF [3], is GRANTED. Defendants U.S. Bank National Association and Quality Loan Service Corporation are prohibited from conducting a non-judicial foreclosure sale of the real property located at 21975 SW 65th Avenue, Tualatin, Oregon 97062 until July 3, 2023. Defendants are ordered to appear before the court at 10:00 a.m. on June 26, 2023, to show cause why a preliminary injunction should not be entered granting the same relief during the pendency of this action.

IT IS SO ORDERED.

DATED this 20th day of June 2023, at 7:33 a.m.

Adrienne Nelson
United States District Judge